LEVENE v. DENKER.

(Supreme Court, Appellate Term. May 27, 1912.)

NEW TRIAL (§ 72*)—VERDICT AGAINST WEIGHT OF EVIDENCE.
 In a suit for physician's services rendered to defendant's sister as a member of his family, the issues were whether defendant had promised to pay for the services, and whether defendant's sister had paid for them; the rendition of the services and the reasonable value thereof being conceded. Defendant and his wife testified that he did not promise to pay, and that the wife had seen defendant's sister pay plaintiff on each visit, but her testimony was weakened on cross-examination. *Held*, that an order setting aside the verdict for plaintiff as against the weight of the evidence was an improper exercise of judicial discretion.
 [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel A. Levene against Isaac Denker. From an order of the Municipal Court of the City of New York setting aside the verdict of a jury, plaintiff appeals. Reversed, and verdict reinstated.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Jacob Friedman, of New York City, for appellant.
Charles Goldstein, of New York City, for respondent.

SEABURY, J. The plaintiff, who is a physician, sued the defendant for professional services rendered by himself to a deceased sister of the defendant, who, during her lifetime, was a member of the defendant's family, and also for the amount of a consultation fee paid to another physician, which claim has been assigned to the plaintiff. The case was tried before the court and jury. The issues were whether or not the defendant had promised to pay for the services of the physician, and whether or not the defendant's sister had paid the defendant in full for his services. The plaintiff testified in detail to the number of visits and to the services which he rendered. The value of the services which the plaintiff rendered was conceded to be $55, the amount claimed. The defendant testified that he did not promise to pay for these services. The defendant's wife testified that she had seen the defendant's sister pay for the plaintiff's services upon each visit. Her testimony was weakened upon cross-examination. The trial justice left the issues involved to the jury as questions of fact, and instructed them to determine as to the credibility of the witnesses. The defendant took no exception to any portion of the charge. The jury found a verdict for the plaintiff, which the court at once set aside as being against the weight of the evidence.

We think that the order setting the verdict aside was not the result of a judicious exercise of the judicial discretion. The case presented only an issue of fact, and this issue it was the province of the jury, and not the court, to decide. The record fails to disclose any reason why the verdict should have been set aside.

Order reversed, with costs, and verdict reinstated, with costs. All concur.